Judge Mills
delivered the Opinion of the Court.
This is an action of debt upon an award, brought by one firm, or copartnership in merchandize, a gainst another. The writ was served on one of the .defendants, and returned as to the other no inhabitant. The one on which the writ was served, appeared and defended the sub, and afterwards the other appeared also, and the cause was tried on the issues of nil debet, and no award. The defendant who last appeared gave proof, shewing that his co-partner who had departed this life, pending the suit, hqd. in the partnership name, executed the instrument of wi-iting submitting the matters in controversy to an umpire, while ho was not in tiio state, and then moved the court to instruct the jury—
That if they believed that he had not executed the writing, his partner had no power to submit the matters in controversy to an umpire, so as to bind him by the award, and therefore they ought to find for the defendant.
The court, with the assent of the parties, reserved this question, and a verdict was rendered subject to the opinion of the court on the point reserved,
The court ultimately gave judgment for the. defendant, and from that judgment the plaintiffs below have appealed.
The instrument of writing on which the award was founded and which refered the accounts in controversy is formal and explicit in its terms, and is. signed with the partnership name but not sealed. The award of the umpire appears completely on its face responsive to the submission, and determines that a large balance is duo to the plaintiffs below.
And the question is simply whether one co-partner can submit matters in controversy between the firm and strangers in this mode, so as to bind the co-partners.
fiii¡>mv?io» of a controversy between a partnoribip stud others by deed executed by but ene >.f the partner? will net: bind the either?.
Oy.o partner in ay land tho ol'iorsbywvit iir-s not sealod.
Question nf í 1:o power «f one partner to miko a Pobinission to biii'l his co-partners examined on ihfi Iiriti-h authorities end the vow-in' allowed.
This question has never been the subject of at!-* jtuliralion in this court, ho far as we are informed.
If filis submission batí been by deed or sealed instrument wo would readily concede that the partner who did notpcrsonally join therein would not bcboup.d thereby according to the law-merchant. We admit. that the reason for this distinction between scaled am! unsealed instruments is and always has been somewhat technical, and more especially so under our state of law. Bu! ciiii it has been so long sanctioned, and has been followed by this court, in accordance with ancient precedents, (see Trimble vs. Coons, 2 Marsh. 375.) that it is sufSeient now to say without searching for the reasons, lex ila scripia est.
But it is equally true as an universal principle, that tuve partner can bird another to strangers by a writing not sealed, in all matters pertaining to the partnership concerns. Watson in his treatise on partnership, pa. 44 4.
Kytl on awards makes the case of submission to arbitration an exception from tho general pinciple? and lays down the doctrine that one partner cannot thus bind another in this matter. As was well observed in argument, both of these elementary writers found lliis (loci ripe on the solitary case of Strangford vs. 2 Mod. 228. This; case does nof seem to he clearly reported, and took place at an|age when the law merchant had not progressed to that defined extent, to yybich it has since arrived in the courts of Gnat Britain or those of tho United States, and—
it Mill be seen by examining a more modern and lucid author. Go'.y on partnership, commencing M'itk his 56tli page and combining to the 102(1, that he makes hut a single exception, from the power of one parincr to hind another in ail matters touching die. parliicrship concerns, and that iq the case by deed, and he summarily and lucidly lays down, anil by indubitable aulhoriiy, supports principles which fully sustain the doctrine that one partner can hind anolher in a reference to arbitration by an instrument, not sealed, and what is more remarkable in his 95th page he draws a different principle from the case o|‘ *437 JStrangford vs. Green, from that drawn by bis predecessors, Watson and Kyd, and that is. that one partner who makes a submission to arbitration, is bound to perform the award, although his co-partner was no party to the submission. This we conceive is the most correct deduction from that obscure authority, It has also been well observed in argument; that both Kyd and Watson, in making the exception which they have made, have laid down a position incompatible with other principles maintained by them.
Power of one partner on soiling, contracting, releasing and arbitrating controveisics of the con; corn.
It is said or-.q., partner may enter an appearance i or another in court, a-d so causo him to; be bound.
It is clear, according to the position of Watson that one partner may not only bind bis co-partner in all unsealed instruments touching partnership concerns, but ho can sell the stock in trade, transfer the company debts, ami even by a release under seal, may release a debt dujrtlie firm without the express assent of his co-partner, Wat. on part. 225. And it is laid down as a general rule that any one who is capable of making a disposition of his property ór a release of his right, may make a submission to an award, Kyd on awards, 20, It is difficult ami perhaps imposible to give a satisfactory reason for prohibiting one partner to bind Hie other by submission to an award, and allow him at the same time equal or greater powers in every other respect. The power given to one partner to bind his fellow, is a matter of great convenience to the partners themselves and enables them to transact business wit!» equal facility without a special au - thority for every act, when they reside in different countries and it redounds greatly to their benefit; because they thereby enhaneo their credit by binding the funds of each, to strangers, who in their turn are benefited by a security without the signa-; ture of each. Why then should they be prohibited from submitting their differences with strangers to this peaceable and often times convenient mode of adjustment?
Indeed it is said that one partner may enter an appearance for another in court, and thus bind .him by a legal proceeding, could he not by the same rule take every step in a suit for his co-partner and assent to a rule or order of court submitting the suit *438 to a reference? If so, it must be clear that he cao do so without such rule, by an instrument of writing in the partnership name.
Casein Pennsylvauia citen) in Gow, lefered to as ih point.'
Tiio statute placing cei? lain unsealed writings on the same footing with deeds doc3 not altor the modo of executing unsealed instruments — it on? ly gives the greater effect io them after they are executed, which may be dono as before.
Delivery is essential to a deed, not so of other writingsnotseal-
But we are not left to reason alone to guide us in this conclusion. The learned counsel who argued this cause have directed us to a late case in the supreme court of Pennsylvania, Gow on part. 483, expressly in point, whore the question is fully considered and the case ably reviewed, and conclusive reasons advanced in favor of the exercise of such a power. Although this case is not obligatory upon us, yet it is entitled to respect, and we have no hesitation in adopting it, in preference to the obscure case of Strangford vs„ Green, and conclude that by the law merchant one. partner can bind another by submission to an award.
But it may be insiwtc.^tliat an act of assembly, 1 Dig. L. K. 264, has altered the law merchant hr this respect. That act provides that “All writings’ hereafter executed, without a seal or seals, stipulating for the payment of money or property, or for the performance of any art or acts, duty or duties, shall be placed upon the same footing with sealed writings containing the like stipulations^ receiving the, same consideration in ait courts of justice, and la, all intent:; ami purposes having the same force and eiicct, and upon which the same species of action, may be founded as if sealed.” It may be contended that as this act places unsealed instruments on the same fooling with sealed, and as it is conceded that if this instrument was sealed, the co-partner would not have been bound, therefore he cannot be bound by an instrument entitled to the same consideration. This argument is plausible but not conclusive.
At the passage of this act the mode of making and executing sealed and unsealed instruments were different. Some formalities, such for instance, as delivery, necessary in the former, were not necessary in the latter. These requisites by the act were not changed. Each instrument was left to bo made or executed as theretofore, and, to be done by the same parties and in the same manner. Tho force of the statute then consists in the weight oí *439 evidence attached to each instrument after it is made, and not to the manner of creating the obligation. Itlacii instrument, therefore, is left to come into existence in the same mode as before tiie passage of the act, and it cannot avail the appellee.
After reversing a judgment this court goes buck to the first error.
An award at common law, cannot be impeached for either mistake,partiality in the umpire,or unfairness in obtainingit, but must be assailed in equity.
As tiie judgment must be reversed, another question presents itself, 'flic appellee filed several pleas which were demurred to and overruled, and he tendered evidence which was rejected on the trial; and upon the reversal of a judgment it is both the. practice and duty of this court to go back to the first error.
The object of all these pleas, and of the evidence offered, was to impeach the award for mistake, partiality in the umpire, and unfairness in obtaining the award, and the facts offered, if true, might affect the award. The court below resisted every such attempt, in doing so, in an action at law, that court was correct. For it is a well settled rule tiiat an award cannot be impeached in an action at law, but the party attacking it must be left to his suit in equity, 1 Saun. 326. Wills vs. McCormack, 2 Wil. 148, Gow on part. 491. The circuit court therefore did not err in excluding from the action at law the defence set up.
Tiie judgment must be reversed with costs, and the cause be remanded, with directions to enter judgment for the plaintiffs, on the verdict in the court below.
MOTION TO CORRECT THE JUDGMENT AS TO THE TARTY AiPEIfLEE.
The counsel of" Robert M. Steele moves the court to correct the judgment rendered by this court, by striking his name out of the caption of the orders, and inserting William, the appellee, againstwhoi»s lie insists the judgment was rendered in the circuit court.
The declaration is against William Steele ami Robert M. Steele, and process issued against boil), which was executed on William, and returned as to Robert, no inhabitant. William, on whom the writ ty&s executed,, appeared and defended the suit. V. *440 is said in the first entry in court, that William filed a plea Sec. and a demurer &c. and his name, and that only, is contained in the introduction to the plea, and the several demurers are, by the defendant, in the singular number — and so are the entries of (he judgment upon them. It is true that afterwards the pleadings and entries contain the word defendants; such is the style of a number of special pleas, after-wards filed, and the subsequent entries touching them. Butin no plea, order or judgment, is the name of Robert contained; it does appear to haves been put on the margin of some of the. pleas, but it is contended that such á statement of parties, composes no part, of the plea, nor can it effect them; k is only designed to shew to what causé the paper belongs,and its inaccuracy cannot expel a person, plaintiff or defendant, from the cause, and much less introduce one on whom process liad never been executed. But at the trial term, the entries, all of them, áre defendant, in the singular, and so is the final judgment on the question reserved át the subsequent term. It is true, there was no' abatement of the suit entered ás to Robert because of the Sheriff’s return of no inhabitant as to him; but it is insisted, tiie plaintiff having accepted the plea and detauvers of William, i i tin ally suffered an abatement as to Robert, or what would be equally favourable to him; a discontinuance.
If Robert could be supposed, to be again brought up into the cause by the use of the. plural defendants, then it is insisted that by the saíne prbeess of reasoning, he would be afterwards extricated from the cause, by the subsequent use of the singular.
II docs appear in the bill of exceptions, that William had died, and it would seem to be implied that Robert had been defending the suit at the trial, hut it is relied that William’s death bad never been suggested on the record and that he could not be patent of the world and the cause, by a bill of exceptions; and much less could Robert, who had newt- been summoned, be made by that means, (he only defendant and the subject of the judgment, to meet ¡Í ¡¡lone.
As to the circumstance of the appeal bond having been made pay aide, to Robes t, (bar car have no effect; it was bul the mistake of the clerk.
*441 On the whole record, it is contended that the whole proceeding in the inferior court, must he taken as against Williani oniy, and that so ought to he the entries here, If, however, there be any doubt on, this question, it is then relied that the. proceedings below and here,íroin the first «se of ,the word de - fendants in. the court below, must bo taken as against both, and that the entines in this court ought to be corrected by inserting filename of William Steele— and-should the court override the first motion, thcr. this motion is made — and should either motion prevail, the court will be moved tfi strike the canse olí' the docket for the insufficiency of the appeal bond.
In the event of the court overruling these motions then the attention of the court is called to'the folio wing: